J-S65027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| IESHA RAE COTTO | |
| Appellant | No. 805 MDA 2018 |

Appeal from the Judgment of Sentence Entered January 27, 2016
In the Court of Common Pleas of Lebanon County
Criminal Division at No.: CP-38-CR-0000175-2015

BEFORE:  SHOGAN, STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 15, 2019**

Appellant Iesha Rae Cotto appeals from the January 27, 2016 judgment of sentence entered in the Court of Common Pleas of Lebanon County ("trial court"), following her jury conviction of delivery of a controlled substance (marijuana).[1]  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, on January 27, 2016, the trial court sentenced Appellant to a term of one to ten years' imprisonment for the above-referenced crime.[2]  Upon collateral review, the trial court reinstated *nunc pro tunc* Appellant's right to file post-sentence motions and a direct appeal because of a breakdown in the court processes following her sentencing.  ***See*** Trial Court Order, 12/27/17.  Appellant *nunc*

---

[1] 35 P.S. §§ 780-113(a)(30) and 780-115.

[2] The standard range sentence was six to sixteen months with the maximum sentence of ten years.

*pro tunc* filed a post-sentence motion, alleging that her sentence of one to ten years in prison was "unfair and excessive in light of several mitigating factors." Consolidated Post-Sentence Motion, 12/22/17, at ¶ 6. On April 23, 2018, the trial court denied the post-sentence motion. Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents a single issue for our review: "[w]hether Appellant received an unfair, excessive, and/or illegal sentence of one (1) to ten (10) years' incarceration in light of several mitigating factors." Appellant's Brief at 4. In other words, Appellant premises her sentencing claim on her argument that the trial court failed to consider her mitigating circumstances.

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." **Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of sentence, an appellant's appeal should be considered as a petition for allowance of appeal. **Commonwealth v. W.H.M.**, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed

> from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part *Moury* test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motions, and included a Pa.R.A.P. 2119(f) statement in his brief.[3] We, therefore, need to determine only if Appellant's sentencing issues raise a substantial question.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Phillips*, 946 A.2d 103, 112

---

[3] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

(Pa. Super. 2008) (citation omitted), **appeal denied**, 964 A.2d 895 (Pa. 2009).

In the matter *sub judice*, Appellant claims that the trial court did not consider sufficiently the mitigating circumstances in this case.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

**Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013)). Further, we have "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **Id.** at 903 (quoting **Commonwealth v. Downing**, 990 A.2d 788, 794 (Pa. Super. 2010)); **see Commonwealth v. Cruz-Centeno**, 668 A.2d 536, 545 (Pa. Super. 1995) ("[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate,"), **appeal denied**, 676 A.2d 1195 (Pa. 1996); **Commonwealth v. Bershad**, 693 A.2d 1303, 1309 (Pa. Super. 1997) (finding absence of substantial question where appellant argued the trial court failed to adequately consider mitigating factors and to impose an individualized sentence). Thus, consistent with the foregoing cases, Appellant's claim does not raise a substantial question for our review.

Even if we were to review the merits of Appellant's sentencing claim, she still would not be entitled to relief. It is well-settled that "[w]here the sentencing court had the benefit of a presentence investigation ('PSI'), we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" ***Moury***, 992 A.2d at 171.

Here, the trial court explained:

> In announcing [Appellant's] sentence, we reviewed the [PSI], referred to [Appellant's] previous record and we specifically referenced the fact that she performs well when she is supervised and in structured programs. We recognized [Appellant's] accomplishments, including the attainment of her GED, while under supervision, but also observed that when [Appellant] moves off supervision, she runs into trouble. We stated that [Appellant] "can do incredible things if guided in the correct way, but when she doesn't have that guidance, falls back into unfortunate and quite criminal patterns."

Trial Court Opinion, 4/23/18, at 4-5 (unpaginated). Accordingly, Appellant's sentencing claim based on insufficient consideration of mitigating factors lacks merit.

Moreover, to the extent Appellant argues that the trial court abused its discretion in running her sentence of one to ten years' imprisonment consecutively with other sentences she was serving, such argument likewise lacks merit. We consistently have recognized that bald excessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for our review. ***See Commonwealth v. Caldwell***, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*) (stating, "[a] court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a

substantial question[ ]"), ***appeal denied***, 126 A.3d 1282 (Pa. 2015); ***see also Commonwealth v. Ahmad***, 961 A.2d 884, 887 n.7 (Pa. Super. 2008); ***Commonwealth v. Pass***, 914 A.2d 442, 446-47 (Pa. Super. 2006).

In sum, we conclude that the trial court did not abuse its discretion in sentencing Appellant to one to ten years' imprisonment.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/15/2019